UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MORTEZA NAGHAVI, MD, an individual; MEDITEX CAPITAL, LLC, a Delaware limited liability company; AMERICAN HEART TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BELTER HEALTH MEASUREMENT AND ANALYSIS TECHNOLOGY CO., LTD. and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-01723-H-KSC<br><br>**ORDER DIRECTING DEFENDANT BELTER HEALTH MEASUREMENT AND ANALYSIS TECHNOLOGY CO., LTD TO RETAIN SUBSTITUTE COUNSEL WITHIN 30 DAYS AND STRIKING COUNTERCLAIM** |

On November 26, 2019, Plaintiffs Dr. Morteza Naghavi, Meditex Capital, LLC, and American Heart Technologies, LLC brought this action against several defendants for claims arising out of an alleged breach of contract. (Doc. No. 1-4.) Belter Health Measurement and Analysis Technology Co., Ltd. ("Belter") is the only remaining named defendant in the case. Currently pending before the Court are two motions: a motion to withdraw as Belter's counsel filed by the law firm of Paul Hastings LLP ("Paul Hastings") (Doc. No. 38) and a motion for default judgment against Belter filed by the Plaintiffs (Doc.

1

No. 43). Pursuant to the Court's discretion under CivLR 7.1(d)(1), the Court determined that both motions were fit for resolution without oral argument and submitted the motions.

The Court previously issued two orders directing Belter to obtain substitute counsel. (Doc. Nos. 39, 41.)  A corporation must be represented by counsel to appear before this Court. U.S. v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); CE Res., Inc. v. Magellan Grp., LLC, 2009 WL 3367489, at *2 (E.D. Cal. 2009); CivLR 83.3(j). The Court encouraged counsel at Paul Hastings to use their best efforts to ensure Belter obtained substitute counsel. (Id.) Belter has not complied with the Court's orders.

In Plaintiffs' motion for default judgment, they request that the Court strike Belter's counterclaim for failure to prosecute because Belter has not complied with the Court's orders to retain counsel. (Doc. No. 43.) Since Belter has failed to retain substitute counsel to represent it in the present action despite multiple Court orders instructing it to do so, the Court strikes Belter's counterclaim pursuant to Fed. R. Civ. P. 41(b), 16(f), and "the inherent power of the court." Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996); see also Osgood v. Main Streat Mktg., LLC, 2017 WL 3194460, at *2 (S.D. Cal. 2017); Datatel Solutions, Inc. v. Keane Telecomm. Consulting, LLC, 2014 WL 12570865, at *2 (E.D. Cal. 2014); Huang v. Ge, 2020 WL 12443172, at *2 (N.D. Cal. 2020).

The Court has repeatedly warned Belter that failure to retain substitute counsel could result in default judgment. (Doc. Nos. 39, 41.) The Court orders Belter to immediately retain substitute counsel. Failure to comply with this Court's order and retain substitute counsel **may result in default judgment**. Plaintiffs are currently seeking **a default judgment of $30,903,600 in damages**. (Doc. No. 43-2, Decl. of Dr. Morteza Naghavi at 4-6, attached hereto.)

The Court orders Belter to obtain new counsel and for the new counsel to enter an appearance in this case **on or before Wednesday, May 18, 2022 or Belter will be subject to default judgment on Plaintiffs' Second Amended Complaint.** Should Belter retain substitute counsel in accordance with this order, it may move to set aside the Court's order

2

to strike its counterclaim.  The Court also orders Paul Hastings to serve a copy of this order on Belter.  Paul Hastings' motion to withdraw as counsel and Plaintiffs' motion for default judgment on the Second Amended Complaint remain pending.

**IT IS SO ORDERED.**

DATED: April 18, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Naveen Madala, SBN 219817
naveen@madalalaw.com
**MADALA LAW**
89 Sapphire
Irvine, CA 92602
Tel: 714-879-7100

Attorneys for Plaintiffs
DR. MORTEZA NAGHAVI, MEDITEX CAPITAL, LLC and
AMERICAN HEART TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MORTEZA NAGHAVI, MD an individual; MEDITEX CAPITAL, LLC, a Delaware limited liability company; AMERICAN HEART TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BELTER HEALTH MEASUREMENT AND ANALYSIS TECHNOLOGY CO., LTD.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-01723-H-KSC<br><br>**DECLARATION OF DR. MORTEZA NAGHAVI, M.D. IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT AND DEFAULT JUDGMENT**<br><br>Date: April 18, 2022<br>Time: 10:30 a.m.<br>Ctrm: TBD |

DECLARATION OF DR. MORTEZA NAGHAVI, M.D.

I, Dr. Morteza Naghavi, M.D., declare as follows:

1. I am a Plaintiff in the above captioned case. I am also an owner of Plaintiff Meditex Capital, LLC ("Meditex") and Plaintiff American Heart Technologies, LLC ("American Heart"). I am over the age of eighteen and

1  competent to give testimony to the matters contained herein.  As a result, I have
2  personal knowledge of the statements set forth in this declaration, and if called as a
3  witness, I would and could competently testify to the matters set forth herein.

4      2.    I am a managing member and founder of both Meditex and American
5  Heart, and along with my colleagues we are the inventors of a cardiovascular
6  testing device ("VENDYS"), which was awarded the "Texas Emerging
7  Technology" and received a $1 million award from Texas Governor.

8      3.    In January 2015 on the Health & Fitness Floor of the Consumer
9  Electronics Show in Las Vegas, Nevada, I along with my colleagues Dr. Stanley
10 Kleis and Mr. Timothy O'Brien visited the exhibition booth of Belter Health
11 Measurement and Analysis Technology Co. Ltd ("Belter") as we were searching
12 for a potential manufacturer and distributor of medical devices in China.

13     4.    At Belter's booth, my colleagues and I were introduced to Mr.
14 Yanling Feng ("Feng"), the owner and President of Belter.  Feng on behalf of
15 Belter represented to us that Belter had excellent manufacturing facilities in China
16 as well as a significant presence in the Chinese health & wellness market.  Mr.
17 Feng represented that Belter was one of the largest manufacturers of blood
18 pressure, thermometer, and body scale devices in China.  Mr. Feng also
19 represented that one of Belter's clients was Huawei (the largest Chinese
20 technology company equivalent to Apple in the United States). Huawei and Belter
21 are both headquartered in Shenzhen, the Silicon Valley of China. Furthermore, Mr.
22 Feng repeatedly stated to me that he had strong connections to the Chinese FDA
23 and could obtain Chinese FDA approval for VENDYS in China very quickly. He
24 explicity stated that Belter would get Chinese FDA approval in 2-3 months.

25     5.    Mr. Feng invited me to visit Shenzhen with the hope of Belter
26 receiving the manufacturing, sale, and distribution rights to Meditex's VENDYS
27 technology which is FDA approved and used in physicians' offices in the US.
28

**DECLARATION OF DR. MORTEZA NAGHAVI, M.D. IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEAULT JUDGMENT**

2

Based on the representations of Mr. Feng, I believed that Belter had a great financial power in China and was strongly interested in introducing VENDYS to the Chinese market and that Belter had the resources and knowledge to secure Chinese FDA approval and to manufacture and sell VENDYS in China.

6. After nearly a year of negotiations, Plaintiff Meditex and Defendant Belter executed an Exclusive China Manufacturing, Marketing, Sales and Distribution Agreement on March 18, 2016 ("Original Agreement"). The exclusivity of sales and marketing under the Original Agreement was limited to one year with negotiations to commence after the one-year period. A true and correct copy of the Original Agreement is attached hereto and incorporated herein as Exhibit A.

7. Plaintiff Meditex and Defendant Belter agreed to certain deadlines in a document dated April 20, 2016 ("Timeline"). A true and correct copy of the Timeline is attached hereto and incorporated herein as Exhibit B.

8. In early 2017, Mr. Feng informed me that he could not obtain CFDA approval as quickly as he had promised and that in order to obtain China FDA approval it would help greatly if Belter had a patent of the VENDYS technology under its own name as Chinese FDA authorities favor domestic technologies. On this basis, Plaintiff Meditex and Defendant Belter executed a First Amendment to the Original Agreement on February 10, 2017 ("First Amendment"). A true and correct copy of the First Amendment is attached hereto and incorporated herein as Exhibit C. The First Amendment included provisions for the rights to file the first patent in China. This First Amendment included a Section 5, which sets forth a penalty amount of 900 units of the VENDYS if Belter directly or indirectly causes the relationship between Plaintiff Meditex and Defendant Belter to terminate. Soon after execution of the First Amendment, I visited China and met with Belter's patent engineer and other management team members including Mr. Feng. I

presented details of the technology for patenting and answered questions from the management team. A few months later, on November 13, 2017, Belter filed a patent titled "Vascular endothelial function detecting device, method thereof and storage medium" in China entirely based on VENDYS technology. The patent was approved by the Chinese Patent Office and published on May 21, 2019 as an issued patent with all rights belong to applicant "SHENZHEN BELTER HEALTH MEASUREMENT AND ANALYSIS TECHNOLOGY CO., LTD." ("VENDYS Patent"). A true and correct copy of the VENDYS Patent is attached hereto and incorporated herein as Exhibit D.

9. On May 2, 2017, after the one (1) year exclusivity period of marketing, sales and distribution in the Original Agreement had expired, and after Belter had failed to obtain CFDA approval, Plaintiff Meditex and Defendant Belter executed a new Exclusive China Marketing, Sales and Distribution Agreement on May 2, 2017 ("New Sales & Marketing Agreement"). The terms of the New Sales & Marketing Agreement provided for certain terms related to marketing, sales and distribution in the Original Agreement to be substituted. The New Sales & Marketing Agreement included a licensing fee of $500,000 and certain minimum sales requirements. Such a minimum sales requirement is a standard clause in contracts that include exclusive rights for the sale of medical devices. A true and correct copy of the New Sales & Marketing Agreement is attached hereto and incorporated herein as Exhibit E.

10. Due to Belter's delay in making payments, Plaintiff Meditex demanded that Defendant Belter execute a letter agreement on June 1, 2017 which strictly demanded Belter's adherence to the payment schedule under the New Sales & Marketing Agreement ("Letter Agreement"). A true and correct copy of the Letter Agreement is attached hereto and incorporated herein as Exhibit F.

11. On or about May 2018, I was notified by a Belter employee named Crumelin that Feng was arrested and imprisoned for charges of fraud and embezzlement. The news was shocking and completely unexpected. After these events, the management of Belter was changed to include Xibin Xu to run Belter as the new Chief Executive Officer.

12. Plaintiff Meditex and Defendant Belter executed a Third Amendment to the Original Agreement on August 10, 2018. The Third Amendment included provisions for the payment of the outstanding $250,000 for the licensing fee and for the delivery of additional VENDYS to Plaintiffs in the United States. The Third Amendment begins with a clear acknowledgment of the failure of previous management to comply with agreements between the parties. It also included a penalty provision of 1% of the unpaid amount per day for any unpaid amount of the licensing fee. A true and correct copy of the Third Amendment is attached hereto and incorporated herein as Exhibit G.

13. Defendant Belter paid $100,000 of the outstanding $250,000 after execution of the Third Amendment. Defendants Belter has not paid the remaining $150,000 of the licensing fee and has not delivered the required units of the VENDYS device.

14. Plaintiff Meditex has performed all of its obligations under the Original Agreement, New Marketing & Sales Agreement, First Amendment and Third Amendment.

15. Defendant Belter has breached the New Marketing & Sales Agreement by failing to meet the minimum sales requirements set forth in the New Marketing & Sales Agreement.

16. As a direct and foreseeable result of Defendant Belter's breach of the New Marketing & Sales Agreement, Plaintiffs have been damaged in the amount of $2,520,000 (12% of $21,000,000 minimum sales guarantee amount).

17. Defendants Belter has breached the Third Amendment by failing to pay the remaining $150,000 payment due for the licensing fee.

18. Defendants Belter has also breached the Third Amendment by failing to deliver 249 units of the VENDYS.

19. As a direct and foreseeable result of the breach of the Third Amendment, Plaintiffs have been damaged in the amount of $150,000 plus a penalty amount of $1,921,500 ($1,500 per day) through February 21, 2022.

20. As a direct and foreseeable result of the breach of the Third Amendment, Plaintiffs have also been damaged in the amount of $5,702,100 for Defendants' failure to deliver 249 units of the VENDYS.

21. Defendants Meditex has caused the entire relationship between the parties to terminate by failing to make payments under the Third Amendment and by failing to deliver the required number of units of the VENDYS pursuant to the Third Amendment.

22. By breaching the Third Amendment and causing the entire relationship to terminate, Defendants Belter is liable for the penalty amount pursuant to the First Amendment of 900 VENDYS at a value of $22,900 for each device.

23. As a direct and foreseeable result of Defendants' breach of the Third Amendment and the termination of the entire relationship, Plaintiffs have been damaged in the amount of $20,610,000.

24. Based on the above described breaches, the total amount of damages incurred by Meditex and Plaintiffs is $30,903,600.

25. Plaintiffs have attempted to mitigate these damages in China but were unable to do so because Defendant Belter has the exclusive patent rights in China and there are no alternative means to obtain the benefits of the contracts entered into with Belter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2022

_____
Dr. Morteza Naghavi, M.D.